## IRWIN v. GUTHRIE ET AL.

[No. 3,975.    Filed February 6, 1902.]

.BILLS AND NOTES.—*Fraud.*—A owned a tract of land on which there was an invalid tax lien; B, knowing the invalidity of the lien, entered into a contract to clear the title in consideration of $2,700; A executed her note to B for such sum secured by mortgage on the land, and B assigned the note to C who assumed the performance of the services.  D conveyed certain lands to A, receiving a deed to the lands mortgaged, A agreeing to convey the same to B and C when they paid to her $7,000, and accounted to her for the $2,700; D assumed the payment of the $2,700 note conditioned that A should give him a mortgage on the land he conveyed to her, which she did, ignorant of the invalidity of the tax lien and induced by fraudulent statements made by B and C.  B and C afterward paid D's note and caused it to be transferred to E who took it with knowledge of all the facts, and sought to enforce the collection thereof.  *Held,* that the note was without consideration.

From Martin Circuit Court; *J. W. Ogden,* Judge. "

Action by David P. Irwin against Alfred Guthrie and others on a promissory note.  From a judgment for defendants, plaintiff appeals.  *Affirmed.*

*A. J. Padgett* and *J. A. Padgett,* for appellant.

*C. G. Gardiner, W. R. Gardiner* and *Tuttle & Grier,* for appellees.

ROBY, J.—Stripped of confusing details, the facts upon which the rights of the parties hereto depend, may be stated as follows:  A owned a tract of Florida land, the title to which was clouded by an invalid tax lien; B knowing the invalidity of the lien entered into a contract with A by which he agreed to clear the title from such lien in consideration of $2,700; A executed her note to B for the said sum, and secured its payment by a mortgage on such lands; B then assigned the note and mortgage to C, who contracted in consideration of such transfer, to perform the obligation theretofore assumed by B; C then caused the mortgage to be recorded; neither B nor C ever paid anything on account

of such undertakings or incurred any liability thereunder and both knew that they would not need to do so. D was the owner of real estate in Indiana which he exchanged for the Florida lands with B and C and conveyed to A the Indiana land, D receiving a deed for the Florida lands from A; she took title, agreeing to convey to B and C, when they paid to her $7,000, and accounted to her for the $2,700 represented by the note secured by mortgage on the Florida land. D assumed to pay the $2,700 secured by the Florida mortgage, in further consideration that A should give him a note and mortgage on the Indiana lands for the same sum, which she then did, ignorant of the invalidity of the tax liens and induced thereto by fraudulent statements made by B and C. B and C afterward paid D's note and caused it to be transferred to E, the appellant, who took with knowledge of all facts and participated in the fraudulent purpose of B and C, and who seeks the reversal of a judgment against him rendered in an action involving the validity of the note and mortgage against A.

The statement of the case carries its decision. No change in form or confusion of details could give consideration or validity to a transaction which originally had none and was founded in fraud. When B and C paid D's claim they did that which it was their duty to do, and making such payment under the form of a purchase of the note and procuring its transfer to one who had knowledge of the facts was a mere subterfuge entitled to no weight and giving no validity to the instrument in the hands of the assignee.

Various questions of practice are argued, but their consideration is not necessary to a disposition of the cause upon its merits.

Judgment affirmed.